IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert M. Parrish, | : | |
| Petitioner | : | Civil Action 2:09-cv-00726 |
| v. | : | Judge Sargus |
| Wanza Jackson, Warden | : | Magistrate Judge Abel |
| Respondent | : | |
| | : | |

## Order

Petitioner Robert M. Parrish's February 3, 2010 motion to stay (doc. 13) is DENIED. Parrish was convicted of aggravated burglary August 23, 2006. He appealed; and the Ohio Court of Appeals for the Fourth District affirmed the conviction on December 18, 2007. *State of Ohio v. Robert M. Parrish,* 2007 WL 4615777. On May 21, 2008, the Supreme Court of Ohio denied petitioner leave to appeal. Petitioner Parrish has now filed a motion in the Common Pleas Court to vacate his sentence as void. He seeks to stay this federal habeas corpus until that motion is adjudicated.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") advances the states' significant interest in the finality of criminal convictions. Stays undermine finality and the AEDPA's provisions that encourage prisoners to timely present all of their federal claims to the state court at the earliest opportunity. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Stays should be used sparingly. They should not be granted

when the unexhausted grounds are plainly meritless. 544 U.S. at 278.  Further, before a court can stay a habeas corpus action, the petitioner must demonstrate good cause for having failed to exhaust his state court remedies.  *Id.*  Nonetheless,

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner en-gaged in intentionally dilatory litigation tactics.

*Id.; see also Griffin v. Rogers,* 399 F.3d 626, 632-33 (6th Cir. 2005)(citations omitted); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  A stay must be time limited, and the petitioner has the obligation to promptly present his unexhausted claims to the state courts and to promptly return to federal court once he has exhausted his state court remedies. 544 U.S. at 278; *Palmer v. Carlton,* 276 F.3d at 781.

Petitioner waited over three years after his conviction to file the motion to vacate his sentence as void. This action was pending for over 5 months when he filed this, his second, motion to stay. Petitioner gives no explanation for his delay in filing the motion to vacate his sentence as void. Accordingly, the motion to stay (doc. 13) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to

be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
