IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert M. Parrish,                              :

        Petitioner              :   Civil Action 2:09-cv-00726

v.                                              :   Judge Sargus

Wanza Jackson, Warden                           :   Magistrate Judge Abel

        Respondent              :

# Report and Recommendation

Petitioner Robert M. Parrish, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Magistrate Judge on the petition, respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## Facts and Procedural History

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> The Appellant was arraigned on four charges, aggravated burglary (count 1), burglary (count 2), robbery (count 3), and theft of a firearm (count 4) on July 26, 2005. At the time he was arraigned, the Appellant was serving an eleven month prison sentence on other charges. At the arraignment, the Appellant entered a plea of not guilty, and reserved the right to file a plea of not guilty by reason of insanity at a later date.
>
> Pursuant to the Appellant's request to be evaluated, the trial

> court ordered a competency evaluation. The evaluation was performed, and at a June 2, 2006 hearing, the Appellant was found competent to stand trial. Prior to trial, the Appellant filed a motion to dismiss the charges, claiming a violation of his right to a speedy trial. He also filed a motion to suppress. The trial court denied both motions on July 17, 2006. A jury trial followed. Before the case went to the jury, the Appellant made a Crim.R. 29 motion for acquittal on the theft of a firearm charge, arguing that the State ("Appellee") had not presented evidence the firearms involved were operable. The trial court denied the Appellant's motion. The jury ultimately found the Appellant guilty of all charges.
>
> On August 23, 2006, the trial court sentenced the Appellant to ten years for the aggravated burglary conviction, a first degree felony, and found that the remaining three convictions were allied offenses of similar import. Therefore, the trial court did not impose a sentence for the burglary, robbery, or theft convictions. The trial court also ordered the Appellant to pay restitution in the amount of $80.00. The trial court filed its journal entry August 30, 2006.

*State v. Parrish*, No. 06CA52, 2007 WL 4615777, at *1 (Ohio app. 4th Dist. Dec. 18, 2007).

Petitioner filed a timely appeal, in which he asserted the following assignments of error:

> 1. WHEN TRIAL COUNSEL FAILS TO RAISE A MERITORIOUS SPEEDY TRIAL ISSUE, COUNSEL RENDERS CONSTITUTIONALLY DEFICIENT AND PREJUDICIAL PERFORMANCE, IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I, OHIO CONSTITUTION.
>
> 2. THE TRIAL COURT ERRED WHEN IT ORDERED MR. PARRISH TO SERVE THE MAXIMUM PRISON TERM. THIS ERROR DEPRIVED MR. PARRISH OF HIS FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS, AND HIS SIXTH AMENDMENT RIGHT TO TRIAL BY JURY.

*See id.* On December 18, 2007, the appellate court affirmed the trial court's judgment. *Id.*

On May 21, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Parrish*, 118 Ohio St.3d 1409 (2008).

On August 31, 2007, petitioner filed a petition for post conviction relief. He asserted that he had been denied the effective assistance of counsel and his right to present witnesses because his attorney failed to contact witnesses or investigate potential defenses. *Exhibit 17 to Return of Writ*. On September 17, 2007, the trial court denied his petition as untimely. *Exhibit 19 to Return of Writ*. Petitioner apparently did not file an appeal.

On March 17, 2008, he filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *Exhibit 20 to Return of Writ*. Petitioner's claims were summarized by the Ohio Court of Appeals as follows:

> We construe his first argument as a claim that appellate counsel did not properly address his speedy trial concerns in his appeal. He asserts in his second claim that counsel refused to present a defense, involuntary intoxication, to the charges levied against him. Third, he asserts appellate counsel did not advance the testimony of all potential witnesses in his appeal.

*See Exhibit 21 to Return of Writ*. On May 22, 2008, the appellate court denied petitioner's Rule 26(B) application. *Id.* Petitioner apparently did not file an appeal.

On August 14, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. When trial counsel fails to raise a meritorious speedy trial issue, counsel renders constitutionally deficient and prejudicial performance, in contravention of the Sixth and Fourteenth

3

> Amendments, United States Constitution.
>
> [C]ounsel failed to file a motion to dismiss for lack of speedy trial.
>
> 2. The trial court erred when it ordered the maximum prison term, depriving petitioner of his 5th and 14th Amendment due Process rights, and his Sixth amendment trial by jury.
>
> The trial court imposed a sentence which was beyond the statutory maximum based upon the facts for which were found by the jury's verdict.

It is the position of the respondent that both of petitioner's claims are procedurally defaulted.

## Procedural Default

**Claim One:**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) ( per curiam; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes

4

of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

In claim one, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file a motion to dismiss based on the alleged

violation of his right to a speedy trial. Petitioner properly raised this claim in the Ohio Fourth District Court of Appeals; however, he failed to present the claim to the Ohio Supreme Court.[1] Further, he may now no longer do so, under Ohio's doctrine of *res judicata*. *State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given the opportunity to enforce the procedural rule at issue due to the nature of petitioner's procedural default. The Court therefore deems the first and second parts of *Maupin* to have been met.

Further, the United States Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir.2006); *Coleman v. Mitchell*, 268 F.3d 417, 427-29 (6th Cir.2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir.2000); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir.2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir.1998). The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused, in reliance

---

[1] In the Supreme Court of Ohio petitioner presented two propositions of law:
- The imposition of maximum prison terms contravenes the Sixth Amendment to the United States Constitution.
- The retrospective application of revised sentencing statutes to criminal conduct occurring before the revision operates to disadvantage a criminal defendant. The resulting sentence deprives a defendant of due process of law, and violations the prohibitions against ex post facto laws.

Appellant Robert Parish's Memorandum in Support of Jurisdiction, Exh. 15, Return of Writ, Doc. 8-1, at p. 137 of 202.

on that doctrine, to review the merits of claims. *See State v. Cole, supra; State v. Ishmail, supra*. Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. The third part of the *Maupin* test has been met. Moreover, petitioner has failed to establish cause for his procedural default.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, the Court does not deem this to be such a case.

**Claim Two:**

In claim two, petitioner asserts that imposition of the maximum prison term on his aggravated burglary conviction, after the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1 (2006)(excising unconstitutional fact finding provisions of Ohio's sentencing statutes), violates due process and the Ex Post Facto Clause.[2] Respondent contends that petitioner procedurally defaulted this claim, because the state appellate court conducted a plain error review only, due to petitioner's failure to object at trial:

---

[2] The Court presumes that petitioner raises the same claim he presented on direct appeal.

> [T]he Appellant argues that the trial court erred when it sentenced him to serve the maximum prison term for his aggravated burglary conviction. He contends that subsequent to the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, which struck down various portions of Ohio's felony sentencing law, the trial court's imposition of prison sentences beyond the statutory minimum violates his due process rights, as well as the safeguards against ex post facto laws. We disagree.
>
> First, *Foster* was decided on February 27, 2006. The trial court held the Appellant's sentencing hearing on August 23, 2006. The Appellant should have raised the instant argument during the hearing so that the trial court could have addressed it. He failed to do so and that failure waives the issue on appeal. *See State v. Close*, Washington App. No. 03CA30, 2004-Ohio-1764, at ¶ 19; *State v. Smith,* Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18; *In re Cazad*, Lawrence App. No. 04CA36, 2005-Ohio-2574, at ¶ 48; *State v. Bruce*, Washington App. No. 06CA40, 2007-Ohio-1938. *Also see, State v. Payne* (2007), 114 Ohio St.3d 502, 873 N.E.2d 306, 2007-Ohio-4642.
>
> Additionally, assuming *arguendo* that the Appellant had properly preserved the issue for appeal, we are not persuaded that it has merit. On several occasions we have considered the same ex post facto argument that the Appellant raises herein and we have rejected it each time. *See State v. Henry*, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12; *State v. Grimes*, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Other Ohio appellate courts have rejected it as well. *See State v. Mallette*, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; *State v. Lowe*, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; *State v. Shield*, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23; *State v. Hildreth*, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10. We find nothing in the Appellant's brief to prompt us to revisit our conclusion, and we continue to adhere to *Henry* and *Grimes, supra*. Thus, for the reasons stated in those cases, we conclude that the trial court did not violate the Appellant's rights by imposing a maximum sentence for his aggravated burglary conviction.

*State v. Parrish,* No. 06CA52, 2007 WL 4615777, at *3.

The United States Court of Appeals for the Sixth Circuit has held that plain error review does not constitute a waiver of the state's procedural default rules. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir.2000).

> Ohio has a contemporaneous objection rule under which an appellant who fails to object waives later review of the issue unless plain error can be shown. *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir.2004), cert. denied, 544 U.S. 1003, 125 S.Ct. 1939, 161 L.Ed.2d 779 (2005) (citing *State v. Smith*, 89 Ohio St.3d 323, 332, 731 N.E.2d 645 (2000)). The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Id.; Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir.2001); *Stojetz v. Ishee*, 2006 WL 328155 *12 (S.D.Ohio Feb.10, 2006).
>
> A state court's review of an issue for plain error is considered by the Sixth Circuit as the enforcement of a procedural default. *Williams,* 380 F.3d at 968; *Hinkle*, 271 F.3d at 244.

*Adams v. Bradshaw*, 484 F.Supp.2d 753, 771 (N.D.Ohio 2007). Petitioner therefore has waived this claimsfor federal habeas corpus review. Although the state appellate court alternatively dismissed petitioner's claim on the merits, such alternative ruling does not relieve the waiver or otherwise revive the claim for purposes of habeas corpus review. *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding"); *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir.2003) (where state court's dismissal of claim on merits constitutes an alternative holding, federal habeas court will consider the claim procedurally defaulted); *Kenney v. Haviland*, No. 1:04 CV 2194, 2006 WL 2792171, at *6 n. 8 (N.D.Ohio Sep.26, 2006) ("The

mere existence of the clear statement rule confirms that an alternative holding on the merits cannot save a claim where the court clearly and expressly enforces a state procedural bar"). Again, he also has failed to establish cause or prejudice for his procedural default of claim two.[3]

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the

---

[3] Petitioner's argument that application of Foster violates due process or the Ex Post Facto Clause has been repeatedly rejected by state and federal courts. *See, e.g.*, *Dickens v. Brunsman,* No. 1:08cv430, 2009 WL 3199066 (S.D.Ohio September 29, 2009).

*Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

      The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                                 s/Mark R. Abel
                                                             United States Magistrate Judge